**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| ORION LABS TECH, LLC,<br><br>              Plaintiff,<br><br>    v.<br><br>ZOHO CORPORATION PVT LIMITED, ZOHO CORPORATION, and ZOHO TECHNOLOGIES CORPORATION,<br><br>              Defendants. | Civil Action No. 7:25-cv-00480<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Orion Labs Tech, LLC ("Orion Labs" or "Plaintiff") files this Complaint against Zoho Corporation PVT Limited ("Zoho PVT"), Zoho Corporation ("Zoho Corp."), and Zoho Technologies Corporation ("Zoho Technologies") (collectively, "Defendants") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendants' infringement of the following United States Patents (collectively, the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"):

| U.S. Patent No. | Title | Available At |
|---|---|---|
| 1) 10,110,430 | Intelligent Agent Features For Wearable Personal Communication Nodes | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/10110430 |
| 2) 10,462,003 | Intelligent Agent Features For Wearable Personal Communication Nodes | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/10462003 |

2. Orion Labs seeks injunctive relief and monetary damages.

## PARTIES

3. Orion Labs is a limited liability company formed under the laws of Washington with a registered office address located at 16935 SW 108th Ave, Tualatin, Oregon 97062 (Washington County).

4. Based upon public information, Zoho PVT is a corporation organized under the laws of India.

5. Based upon public information, Zoho PVT has its principal place of business located at Estancia IT Park, Plot No. 140 & 151, GST Road, Vallancherry, Taluk, Chengalpattu District, Tamil Nadu 603202, India.

6. Based upon public information, Zoho PVT produces its products ("Zoho's Products") in India and distributes them in the United States through Zoho Corp. and Zoho Technologies.[1]

7. Based upon public information, Zoho Corp. is a corporation organized and existing under the laws of the State of California.[2]

8. Based upon public information, Zoho Corp. has a place of business located at 4141 Hacienda Drive, Pleasanton, California, 94588.[3]

9. Based upon public information, Zoho Corp. is a wholly-owned subsidiary of Zoho PVT.[4]

10. Based upon public information, Zoho Corp. is the current U.S. distributor for all Zoho

---

[1] *See Knossos Global Systems. LLC v. Zoho Corporation Private Limited*, E.D. Tex. No. 2:25-cv-00414 (hereinafter, "Knossos Case"), Dkt. No. 13-12 at ¶¶3-4.

[2] Source: https://bizfileonline.sos.ca.gov/search/business (search for "Zoho") (last visited: October 20, 2025)

[3] *See id.*

[4] *See Zoho Corporation PVT, Ltd. v. Orion Labs Tech, LLC*. N.D. Cal. No. 3:25-cv-08727 (hereinafter, "Zoho DJ"), Dkt. No. 1 at ¶5.

Products.[5]

11. Based upon public information, Zoho Corp. has an active Franchise Account Status with the Texas Comptroller of Public Accounts (ID No. 32096826584).[6]

12. Based upon public information, Zoho Corp. has its largest office Texas through which it does business in the United States at 979 Springdale Road, Suite 123, Austin, Texas 78723,[7]

13. Based upon public information, Zoho Corp. may be served through its registered agent, Incorporating Services, Ltd., located at 3610-2 N. Josey Lane, Suite 223, Carrollton, Texas, 75007.[8]

14. Based upon public information, Zoho Technologies is a corporation organized and existing under the laws of the State of California.[9]

15. Based upon public information, Zoho Technologies is a wholly-owned subsidiary of Zoho PVT.[10]

16. Based upon public information, Zoho Technologies was the U.S. distributor for all Zoho Products until 2024.[11]

17. Based upon public information, Zoho Technologies has an active Franchise Account

---

[5] *See id.*

[6] Source: https://comptroller.texas.gov/taxes/franchise/account-status/search (search for "Zoho") (last visited: October 20, 2025)

[7] *See* Knossos Case, Dkt. No. 13-13 at ¶¶3-5.

[8] *See id.*

[9] Source: https://bizfileonline.sos.ca.gov/search/business (search for "Zoho") (last visited: October 20, 2025)

[10] *See* Zoho DJ, Dkt. No. 1 at ¶4.

[11] *See id.*

Status with the Texas Comptroller of Public Accounts (ID No. 32048328382).[12]

18. Based upon public information, Zoho Technologies has its largest office in Texas through which it does business in the United States at 979 Springdale Road, Suite 123, Austin, Texas 78723,[13]

19. Based upon public information, Zoho Technologies may be served through its registered agent, Incorporating Services, Ltd., located at 3610-2 N. Josey Lane, Suite 223, Carrollton, Texas, 75007.[14]

20. On information and belief based upon public information, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States and in the State of Texas, including in this District, and otherwise directs infringing activities to this District in connection with its products and services.

**JURISDICTION AND VENUE**

21. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

22. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

23. Venue is proper against Defendants in this District pursuant to 28 U.S.C. § 1400(b) or 1391(c) because Defendants have maintained established and regular places of business in this

---

[12] Source: https://comptroller.texas.gov/taxes/franchise/account-status/search (search for "Zoho") (last visited: October 20, 2025)

[13] *See* Knossos Case, Dkt. No. 13-13 at ¶¶3-5.

[14] *See id.*

District and has committed acts of patent infringement in this District from those regular and established places of business. *See In re: Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017).

24. Defendants offer products and services, including through the use of Accused Products, and conduct business in this District.

25. Defendants are subject to this Court's specific and general personal jurisdiction under due process due at least to Defendants' substantial business in this Judicial District, including: (i) at least a portion of the infringements alleged herein; (ii) regularly transacting, doing and/or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and this District; (iii) having an interest in, using or possessing real property in Texas and this District; and (iv) having and keeping personal property in Texas and in this District.

26. Specifically, Defendants intend to do and do business in, have and continue to commit acts of infringement in this District directly, and their employees, agents, and/or contractors located in this District use the products or services accused of infringement.

27. On information and belief, Defendants own, operate, manages conduct business, and direct and control the operations and employees of facilities at a location in this district, including, but not limited to, an office at the address identified above.

28. Defendants have and continue to commit acts of infringement from their places of business in this District, including, but not limited to, making, using, selling, offering for sale, and importing of the Accused Products and inducement of third parties to use the Accused Products.

## THE ACCUSED PRODUCTS

29. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

30. Based upon public information, Defendants own, operate, advertise, and/or control

products and services that utilize the Accused Products, as defined below, through which they advertise, sell, offer to sell, provide and/or educate customers about said products and services.

31. Defendants use, cause to be used, sell, offer for sale, provide, supply, or distribute their intelligent digital agents (hereinafter, the "Accused Products"), including but not limited to their Zoho Voice, which they describe as "a cloud-based business phone system designed to simplify and customise your communication needs. With support for local and international calling over the internet, it helps you to connect with customers, teams, and partners from your web browser or mobile device."[15]

32. The Accused Products, and in particular Zoho Voice, provide a number of features related to automating customer service, including software for inbound voice contact support, outbound voice contact support. Interactive Voice Response, and call listening, whispering, and barging.[16]

33. Defendants also instruct their customers, agents, employees, and affiliates regarding how to use the Accused Products.

34. For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of each of the Asserted Patents.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,110,430**

35. Plaintiff repeats and re-alleges the allegations in Paragraphs 1-34 above as though fully set forth in their entirety.

36. The USPTO duly issued U.S. Patent No. 10,110,430 (hereinafter, the "'430 patent") on December 1, 2016, after full and fair examination of Application No. 15/166,531, which was

---

[15] Source: https://www.zoho.com/voice/help/getting-started.html (last visited: October 20, 2025)
[16] Source: https://www.zoho.com/voice/features.html (last visited: October 20, 2025)

filed on May 27, 2016, which claims priority to a provisional application, filed on May 27, 2015. *See* '430 Patent.

37. Orion Labs owns all substantial rights, interest, and title in and to the '430 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

38. The written description of the '430 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

39. The claims of the '430 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components and functionalities that improve upon the function and operation of managing communication groups and group communication systems.

40. Orion Labs or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '430 patent.

41. Defendants have directly infringed infringe one or more claims of the '430 patent by making, using, causing to be used, selling, offering for sale, providing, supplying, distributing, and/or internal and external testing of the Accused Products. For instance, Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '430 patent, as detailed in **Exhibit A** (Evidence of Use of Infringement Regarding U.S. Patent No. 10,110,430).

42. Since at least the time of receiving the original complaint in this action, Defendants have also indirectly infringed one or more claims of the '430 patent by inducing others to directly infringe said claims. Defendants have induced distributors and end-users, including, but not limited to, Defendants' employees, partners, contractors, or customers, to directly infringe, either literally or under the doctrine of equivalents, the '430 patent by providing or requiring use of the Accused Products. Defendants have taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products. in a manner that infringes one or more claims of the '430 patent, including, for example, claim 1. Such steps by Defendants include, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products, in an infringing manner; advertising and promoting the use of the Accused Products or distributing instructions that guide users to use the Accused Products. in an infringing manner. Defendants have performed these steps, which constitute induced infringement with the knowledge of the '430 patent and with the knowledge that the induced acts constitute infringement. Defendants have been aware that the normal and customary use of the Accused Products. by others would infringe the '430 patent.

43. Defendants have also indirectly infringed by contributing to the infringement of the '430 patent. Defendants have contributed to the direct infringement of the '430 patent by their personnel, contractors, distributors, and customers. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '430 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the '430 patent and are not staple articles of commerce suitable for substantial non-infringing use.

44. Defendants had knowledge of the '430 patent at least as of the date when it was

notified of the filing of this action.

45.     Furthermore, on information and belief, Defendants have a policy or practice of not reviewing the patents of others, including instructing their employees to not review the patents of others, and thus have been willfully blind of Orion Labs' patent rights.

46.     Defendants' actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

47.     Defendants' direct infringement of one or more claims of the '430 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Orion Labs' rights under the patent.

48.     Orion Labs has been damaged as a result of the infringing conduct by Defendants alleged above.  Thus, Defendants are liable to Orion Labs in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

49.     Orion Labs has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Orion Labs has and will continue to suffer this harm by virtue of Defendants' infringement of the '430 patent.  Defendants' actions have interfered with and will interfere with Orion Labs' ability to license technology.  The balance of hardships favors Orion Labs' ability to commercialize its own ideas and technology.  The public interest in allowing Orion Labs to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,462,003

50.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1-34 above as though fully set forth in their entirety.

51.     The USPTO duly issued U.S. Patent No. 10,462,003 (hereinafter, the "'003 patent")

on October 29, 2019, after full and fair examination of Application No. 16/142,314, which was filed on September 26, 2018, and which claims priority to the '430 patent. *See* '003 patent.

52. Orion Labs owns all substantial rights, interest, and title in and to the '003 patent, including the sole and exclusive right to prosecute this action and enforce the '003 patent against infringers and to collect damages for all relevant times.

53. Orion Labs or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '003 patent.

54. The written description of the '003 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

55. The claims of the '003 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of managing communication groups, distributed group communications, and group communication systems.

56. Defendants have directly infringed and continue to infringe one or more claims of the '003 patent by making, using, causing to be used, selling, offering for sale, providing, supplying, distributing, and/or internal and external testing of the Accused Products. For instance, Defendants have directly infringed and continue to infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '003 patent, as detailed in **Exhibit B** (Evidence of Use Regarding Infringement of U.S. Patent No. 10,462,003).

57. Since at least the time of receiving the original complaint in this action, Defendants have also indirectly infringed one or more claims of the '003 patent by inducing others to directly infringe said claims. Defendants have induced distributors and end-users, including, but not limited to, Defendants' employees, partners, contractors, or customers, to directly infringe, either literally or under the doctrine of equivalents, the '003 patent by providing or requiring use of the Accused Products. Defendants have taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '003 patent, including, for example, claim 1. Such steps by Defendants include, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendants have performed these steps, which constitutes induced infringement with the knowledge of the '003 patent and with the knowledge that the induced acts constitute infringement. Defendants have been aware that the normal and customary use of the Accused Products by others would infringe the '003 patent.

58. Defendants have also indirectly infringed by contributing to the infringement of the '003 patent. Defendants have contributed to the direct infringement of the '003 patent by their personnel, contractors, distributors, and customers. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '003 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the '003 patent and are not staple articles of commerce suitable for substantial non-infringing use.

59. Defendants had knowledge of the '003 patent at least as of the date when it was

notified of the filing of this action.

60. Furthermore, on information and belief, Defendants have a policy or practice of not reviewing the patents of others, including instructing their employees to not review the patents of others, and thus have been willfully blind of Orion Labs' patent rights.

61. Defendants' actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

62. Defendants' direct infringement of one or more claims of the '003 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Orion Labs' rights under the patent.

63. Orion Labs has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

64. Orion Labs has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Orion Labs has and will continue to suffer this harm by virtue of Defendants' infringement of the '003 patent. Defendants' actions have interfered with and will interfere with Orion Labs' ability to license technology. The balance of hardships favors Orion Labs' ability to commercialize its own ideas and technology. The public interest in allowing Orion Labs to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

65. Orion Labs hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

66. Orion Labs requests that the Court find in its favor and against Defendants, and that

the Court grant Orion Labs the following relief:

    a. Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendants or others acting in concert therewith;

    b. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the Asserted Patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of said patents by such entities;

    c. Judgment that Defendants account for and pay to Orion Labs all damages to and costs incurred by Orion Labs because of Defendants' infringing activities and other conduct complained of herein;

    d. Judgment that Defendants' infringements of the Asserted Patents be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

    e. Pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

    f. That this Court declare this an exceptional case and award Orion Labs its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

    g. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 21, 2025                    Respectfully submitted,

By: /s/ James F. McDonough, III

James F. McDonough, III (GA 117088)*
Jonathan R. Miller (GA 507179)*
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866, -1863
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com

Jonathan L. Hardt (TX 24039906)*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

Attorneys for *Plaintiff ORION LABS TECH, LLC*

*Admitted to the Western District of Texas

### List Of Exhibits

A. Evidence of Use Regarding Infringement of U.S. Patent No. 10,110,430
B. Evidence of Use Regarding Infringement of U.S. Patent No. 10,462,003

### List of Attachments

- Civil Cover Sheet