# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | |
|---|---|
| ORION LABS TECH, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ZOHO CORPORATION PVT LIMITED,<br>ZOHO CORPORATION, and ZOHO<br>TECHNOLOGIES CORPORATION,<br><br>    Defendants. | Civil Action No. 7:25-cv-00480-DC-DTG |

## DEFENDANTS' OPPOSED MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA BASED ON THE "FIRST-TO-FILE" DOCTRINE

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................... 1

II.    FACTUAL BACKGROUND ........................................................................... 2

      A.    ORION LABS' PRE-SUIT ENFORCEMENT ACTIVITIES AND THE ASSERTED PATENTS ................................................................... 2

      B.    PROCEDURAL HISTORY ................................................................ 3

      C.    THE PARTIES, RELEVANT THIRD PARTIES, AND OTHER PROCEEDINGS ................................................................................ 4

III.    LEGAL STANDARD ..................................................................................... 7

IV.    ARGUMENT ................................................................................................. 10

      A.    THIS CASE SUBSTANTIALLY OVERLAPS WITH THE FIRST-FILED NDCA ACTION ................................................................. 10

      B.    THERE ARE NO "COMPELLING" CIRCUMSTANCES JUSTIFYING DEPARTURE FROM THE "FIRST-TO-FILE" RULE ....................................... 13

V.    CONCLUSION ............................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc*.,
  No. 2:04-CV-359, 2006 WL 887391 (E.D. Tex. Mar. 28, 2006) ............................................. 11

*AmberWave Sys. Corp. v. Intel Corp*.,
  No. 2:05-CV-321, 2005 WL 2861476, (E.D. Tex. Nov. 1, 2005) ............................ 9, 10, 11, 15

*Cadle Co. v. Whataburger of Alice, Inc*.,
  174 F.3d 599 (5th Cir. 1999) ................................................................................................. 7, 8

*Cameron Int'l Corp. v. Nitro Fluids L.L.C.,*
  No. 6:20-CV-00125-ADA, 2020 WL 3259809 (W.D. Tex. June 16, 2020),
  *mandamus granted, order vacated sub nom. In re Nitro Fluids L.L.C.*, 978 F.3d 1308
  (Fed. Cir. 2020) .......................................................................................................................... 12

*DynaEnergetics Eur. GMBH v. Hunting Titan, Inc*.,
  No. 6:20-CV-00069-ADA, 2020 WL 3259807 (W.D. Tex. June 16, 2020) ................. 9, 11, 12

*Electronics for Imaging, Inc. v. Coyle,*
  394 F.3d 1341 (Fed. Cir. 2005) ................................................................................................... 7

*Genentech, Inc. v. Eli Lilly & Co*.,
  998 F.2d 931 (Fed. Cir. 1993), *abrogated in part on other grounds by*
  *Wilton v. Seven Falls Co*., 515 U.S. 277 (1995) ......................................................................... 7

*Hammond Dev. Int'l, Inc. v. Amazon.com, Inc*.,
  No. 6:19-CV-00355-ADA, 2020 WL 6136783 (W.D. Tex. Mar. 30, 2020) ............................ 14

*In re Genentech, Inc*.,
  566 F.3d 1338 (Fed. Cir. 2009) ................................................................................................. 14

*In re Nitro Fluids L.L.C.,*
  978 F.3d 1308 (Fed. Cir. 2020) ......................................................................................... 7, 9, 15

*In re TikTok, Inc*.,
  85 F.4th 352 (5th Cir. 2023) ...................................................................................................... 13

*Lo v. Microsoft Corp.*,
  No. 2:07-CV-322-DF, 2008 WL 11445459 (E.D. Tex. Mar. 25, 2008) ................................... 11

*Mann Mfg., Inc. v. Hortex, Inc*.,
  439 F.2d 403 (5th Cir. 1971). ............................................................................................ 7, 8, 10

## TABLE OF AUTHORITIES (continued)

*Mosaid Techs. Inc. v. Micron Tech., Inc*.,
  No. 2:06-CV-302 (DF), 2008 WL 11348413 (E.D. Tex. July 2, 2008) .................................. 11

*On Semiconductor Corp. v. Samsung Elecs. Co*.,
  No. 6:06-CV-523, 2007 WL 9697790 (E.D. Tex. June 21, 2007)................................... 8, 9, 11

*Orion Labs Tech, LLC v. Sprinklr, Inc.*,
  Case No. 7:25-cv-0133-DC-DTG (W.D. Tex. filed March 20, 2025)...................................... 6

*Orion Labs Tech, LLC v. TalkDesk, Inc.*,
  Case No. 25:25-cv-05045-VKD (N.D. Cal. filed Nov. 27, 2024) .......................................... 2, 6

*RPost Holdings, Inc. v. Trend Micro Inc*.,
  No. 2:13-CV-1065, 2014 WL 12600272 (E.D. Tex. May 16, 2014)........................................ 8

*Save Power Ltd. v. Syntek Finance Corp*.,
  121 F.3d 947 (5th Cir. 1997) ...................................................................................... 7, 8

*Scorpcast, LLC v. MG Freesites, Ltd*.,
  No. W-20-CV-00877-ADA, 2021 WL 7286024 (W.D. Tex. June 21, 2021) ............. 7, 8, 9, 10

*SIPCO, LLC v. Emerson Elec. Co*.,
  No. 6:15-CV-907, 2016 WL 7743496 (E.D. Tex. July 1, 2016) .............................. 7, 9, 10, 11

*Strukmyer, LLC v. Infinite Fin. Sols., Inc.*,
  No. 3:13-CV-3798-L, 2013 WL 6388563 (N.D. Tex. Dec. 5, 2013) ........................................ 8

*Sutter Corp. v. P & P Indus., Inc*.,
  125 F.3d 914 (5th Cir. 1997) ...................................................................................... 7, 8

*Truinject Corp. v. Nestle S.A*.,
  No. 4:20-CV-457, 2020 WL 6781578 (E.D. Tex. Nov. 18, 2020)........................................... 9

*Yeti Coolers, LLC v. Beavertail Prods., LLC*,
  No. 1-15-CV-415 RP, 2015 WL 4759297 (W.D. Tex. Aug. 12, 2015).................................... 9

*Zoho Corp. Pvt. Ltd., et al. v. Orion Labs Tech LLC*,
  Case No. 5:25-cv-08727-VKD (N.D. Cal. filed Oct. 10, 2025) ................................................ 1

## I.    INTRODUCTION

Defendants Zoho Corporation Pvt. Ltd. ("ZCPL"), Zoho Corporation ("Zoho Corp."), and Zoho Technologies Corporation ("Zoho Technologies") (collectively, "Defendants" or "Zoho") respectfully move for an order transferring this second-filed case pursuant to the "first-to-file" doctrine to the Northern District of California ("NDCA").  Orion Labs' second-filed case, filed on October 21, 2025, raises the same issues of patent infringement already at issue in the declaratory judgment action filed by Zoho on October 10, 2025 in NDCA.  *See Zoho Corp. Pvt. Ltd., et al. v. Orion Labs Tech LLC*, Case No. 5:25-cv-08727-VKD (N.D. Cal. filed Oct. 10, 2025) (the "NDCA Action").  Because there is a substantial overlap of issues between this action and the NDCA Action—both involve the same parties, patents, asserted and accused technology, witnesses and evidence—this Court should transfer this case to NDCA.

Additionally, no "compelling" circumstances warrant departure from the "first-to-file" rule here.  Indeed, none of the convenience factors support adjudicating this dispute in this forum:  (1)  Zoho Corporation and Zoho Technologies are both California companies with their principal places of business in Pleasanton, CA with long and significant ties to California; (2) Orion Labs is a Washington company based in Oregon with no known presence or connection in this District or Division; (3) the same relevant evidence (including source code) is more conveniently accessible by Zoho in NDCA as compared to this forum; (4) key witnesses, including the applicant of the patents-in-suit, Orion Labs, Inc. ("Orion Inc.") and all four third-party inventors reside in California (three in NDCA) and none are in Texas; and (5) Orion Labs consented to and already is proceeding before the same judge in NDCA in another infringement action against TalkDesk, Inc. on the same patents-in-suit.  *See Orion Labs Tech, LLC v.*

1

*TalkDesk, Inc.*, Case No. 25:25-cv-05045-VKD (N.D. Cal. filed Nov. 27, 2024) (the "*TalkDesk* Action"); Declaration of Ryan J. Marton filed herewith ("Marton Decl.") at ¶¶ 17-19.

On these facts, and in the interest of comity and sound judicial administration, this Court should transfer this case to NDCA so that the first-filed NDCA court may decide the merits of these substantially similar cases and determine how this second-filed action should proceed.

## II.    FACTUAL BACKGROUND

### A.    Orion Labs' Pre-Suit Enforcement Activities and the Asserted Patents

On January 28, 2025, Dan Buri, CEO of Orion Labs' licensing agent, Vitek-IP, contacted Zoho Corporation, a California company, asserting that Zoho was using Orion Labs' patents and inviting Zoho to take a license. *See* Marton Decl. ¶ 2, Ex. 1.  On February 11, 2025, Orion Labs followed up with Zoho by providing claim charts purporting to identify how the Zoho Voice product uses claim 1 of U.S. Patent No. 10,924,339 ("the '339 patent"), claims 1 and 5 of U.S. Patent No. 11,258,733 ("the '733 patent"), and claim 1 of U.S. Patent 11,127,636 ("the '636 patent"). *Id.*; *see also id*. ¶ 3, Ex. 2 (claim chart for the '339 patent).  In its pre-suit correspondence, Orion Labs also flagged five other patents for Zoho's review, including U.S. Patent No. 10,110,430 ("the '430 patent") and U.S. Patent No. 10,462,003 ("the '003 patent"), both of which are related parent patents of the charted '339 patent. *Id.* ¶ 2, Ex. 1.  In fact, claim 1 of the '339 patent is almost identical to claim 1 of the '430 and '003 patents. *See id*. ¶ 8.  On March 20, 2025, Orion Labs again noted the relevance of the '430 and '003 patents, among others, and also identified Zoho Cliq, Zoho CRM, and Zoho Meeting as additional products implicated by Orion Labs' patents. *Id*. ¶ 4, Ex. 3.  Thereafter, on April 9, 2025, Orion Labs provided another claim chart purporting to map claim 1 of the '339 patent to Zoho Cliq. *Id*.

In correspondence from April through June 2025, Zoho explained how its products do not meet certain requirements of the charted patents.  Specifically, Zoho noted that:

- Zoho's products do not have a virtual assistant or bot that is an independent member of the communication group as required by all the charted patent claims. *See id.* at Ex. 9 (*e.g.*, April 3, May 14, and June 5 correspondence);

- Zoho's products do not permit a member of a communication group to instantiate a virtual assistant or bot as required by charted claim 1 of the '339 patent (which is substantially similar to claim 1 of the '430 and '003 patents). *See id.* (*e.g.*, April 3 correspondence);

- Zoho's products do not send a message that includes an audio recording and a "bot identifier for a bot member of the group" as required by the charted claim 1 of the '636 patent. *See id.* (*e.g.*, April 3 correspondence);

- Zoho's products do not support selection of a particular voice library as required by claim 1 of the '636 patent; *see id.* (*e.g.*, April 3 correspondence);

- Zoho's products do not enable a member of a communication group to send an audio transcription request as required by the charted claims of the '733 patent (*see e.g.* April 3 correspondence);

- Zoho's products do not determine a bot member to launch based on an identifier of the communication group as required by the charted claims of the '733 patent (*see e.g.* April 3 correspondence).

### B.  <u>Procedural History</u>

Consequently, on October 10, 2025, Zoho initiated and filed suit in NDCA for declaratory judgment of non-infringement of the '339, '636, and '733 patents which Orion Labs had charted, and set forth each of its previously articulated grounds for non-infringement in the allegations incorporated into each cause of action.  *See id.* at Ex. 11 ("NDCA Complaint") ¶¶ 17-33, 36, 42, 48.

Eleven days later, on October 21, 2025, Orion Labs initiated this second-filed suit against Zoho here in WDTX, Midland/Odessa Division, asserting infringement of at least claim 1 of the '430 and '003 patents (both of which are related parent patents of the '339 patent) but not asserting infringement of the '339, '636, or '733 patents already at issue in the NDCA Action. *See* D.I. 1; Marton Decl. ¶¶ 13-14.  The WDTX Action accuses Zoho's "intelligent digital agents, including but not limited to Zoho Voice," and attaches claim charts for the '430 and '003 patents that include infringement allegations concerning Zoho's intelligent agent feature (Zia) as

used in conjunction with Zoho Voice (the "Accused Products").  *See* D.I. 1-1, 1-2, and 11.

These claim charts are substantially similar to, and in parts a *verbatim* cut and paste of, the claim

chart for claim 1 of the '339 patent Orion Labs sent to Zoho back in February 2025 and which is

at issue in the NDCA Action.  *Compare* Marton Decl. at Ex. 2 *with* D.I. 1-1, 1-2.

After Orion Labs initiated the WDTX Action against Zoho and in light of the substantive

and substantial overlap between the claims of, and the infringement allegations with respect to,

the '339, and the related '430 and '003 patents, on October 28, 2025, Zoho amended its NDCA

Complaint to add two more declaratory judgment causes of action to also address the '430 and

'003 patents.  *See* Marton Decl. ¶ 15, Ex. 12 at ¶¶ 58-69 ("NDCA FAC").  Zoho's NDCA FAC

repeats the same allegations that were in the original NDCA Complaint, setting forth why Zoho's

products do not infringe, but also makes clear that the same non-infringement contentions

alleged for the '339 patent apply equally to the '430 and '003 patents (given the near identical

nature of the patent claims).  *Compare* NDCA FAC ¶¶ 24-28 *with* NDCA Complaint ¶¶ 20-24.

On December 12, 2025, Orion Labs moved to dismiss the NDCA Action and moved to

change venue from NDCA to this District.  *See* Marton Decl. ¶ 16. Those motions have been

fully briefed and were heard by Judge DeMarchi on February 3, 2026.  *Id.*  To date, Judge

DeMarchi has not yet issued a ruling on the pending motions. *Id.*

### C.    <u>The Parties, Relevant Third Parties, and Other Proceedings</u>

Zoho Corporation and Zoho Technologies[1] are California corporations, with their

principal places of business at 4141 Hacienda Ave., Pleasanton, California.  *See* Marton Decl. ¶¶

32, 33, Exs. 28, 29; Declaration of Vijay Sundaram filed herewith ("Sundaram Decl.") ¶ 4.  Zoho

---

[1]  Zoho Corporation and Zoho Technologies are collectively referred to herein as "Zoho U.S."
Zoho U.S. and ZCPL are collectively referred to herein as "Zoho."

4

Corporation Pvt. Ltd ("ZCPL"), is an Indian company based in Chennai, India and the parent company of wholly-owned Zoho Technologies.  Sundaram Decl. ¶¶ 3-4.  Research, design, and development for Zoho's products, including the Accused Products, are done outside of the United States in India by ZCPL.  *Id.* ¶¶ 3, 7.  ZCPL does not have employees, facilities, or offices in the United States.  *Id.* ¶ 5.  Instead, Zoho's products are marketed and sold in the United States by Zoho U.S.  *Id.*  In addition to its offices in Pleasanton, California, Zoho U.S. has offices in Texas in Austin, McAllen, and New Braunfels.  *Id.* ¶ 5; Marton Decl. ¶ 34, Ex. 30. However, Zoho has no offices or facilities in or around Midland, Texas.  Sundaram Decl. ¶¶ 5, 7. Although Zoho has more recently developed a significant presence in and around the Austin area, it has historically been based in Pleasanton, where it continues to maintains its principal place of business in California, and from where approximately 25 Zoho personnel and key senior leadership work, including Zoho's co-founder and CEO of Zoho U.S., Tony Thomas, and Zoho's Chief Strategy Officer, Vijay Sundaram.  *See id.* ¶¶ 2, 8, 9.

Mr. Sundaram, who has knowledge regarding the sales, marketing and financials of the accused Zoho products and who is expected to serve as a Zoho corporate witness is based out of Zoho's Pleasanton office and resides in Saratoga, CA.  *Id.* ¶¶ 2, 6, 8.  Zoho documents related to the research, design, and development of the Accused Products, including relevant source code, are created and maintained overseas in India and would be made accessible or otherwise available at Zoho's Pleasanton office.  *See id.* ¶¶ 6, 7.  Zoho's engineers for the Accused Products are also in India.  *See id.*  Their participation in proceedings in NDCA would be more convenient than traveling to Midland, Texas, which is over 300 miles away from Zoho's Texas offices.  *See* Marton Decl. ¶ 36, Ex. 32; Sundaram Decl. ¶¶ 5, 10.

Plaintiff Orion Labs is a Washington corporation based in Oregon.  *See* D.I. 11 ¶ 3;

Marton Decl. ¶ 20, Ex. 16. Orion Labs has no known ties to the State of Texas and has even admitted it has no presence in or around Midland, Texas. Marton Decl. ¶ 23, Ex. 19. Daniel Buri and Vitek-IP, who would have knowledge regarding the licensing of the patents-in-suit, are believed to be in Oregon and also have no known connections to Midland, Texas. *See id*. ¶¶ 21, 22, Exs. 16, 17.

The original applicant of the '430 and '003 patents (the "WDTX patents-in suit") and the '339, '636 and '733 patents (the '430, '003, '339, '636, and '733 patents are collectively referred to herein as "the patents-in-suit") is third-party Orion Labs, Inc. ("Orion Inc."). *Id.* ¶¶ 5-9, Ex. 4-8. Orion Inc. is a Delaware corporation based in San Francisco, CA. *Id.* ¶¶ 24-26, Exs. 20-22. The patents-in-suit have four overlapping inventors who are believed to be located as follows:

| Third-Party Witness | Relevance | Location |
|---|---|---|
| Ellen Juhlin | Inventor ('636 and '733 patents) | Oakland, CA |
| Jesse Robbins | Inventor (all patents-in-suit) | San Francisco, CA |
| Greg Albrecht | Inventor (all patents-in-suit) | San Francisco, CA |
| Star Simpson | Inventor ('339, '430, and '003 patents) | Los Angeles, CA |

*See id*. ¶¶ 27-31, Exs. ¶¶ 23-27. None of the inventors nor any other known relevant third-party witnesses reside in the State of Texas. *See id.*

In addition to this WDTX Action and the NDCA Action, Orion Labs is involved in at least two other known matters involving the patents-in-suit. The first, the *Talkdesk* Action, is already proceeding in NDCA before Judge DeMarchi and asserts the same five patents-in-suit (in addition to two others). *Id.* ¶¶ 17, 18, Exs. 13, 14. TalkDesk's motion to dismiss pursuant to 35 U.S.C. §101 already has been fully briefed and heard by Judge DeMarchi. *Id.* ¶¶ 17, 19, at Exs. 13, 15. The second, *Orion Labs Tech, LLC v. Sprinklr, Inc.*, Case No. 7:25-cv-0133-DC-DTG (W.D. Tex. filed March 20, 2025) (the "*Sprinklr* Action") also involves the same five patents-in-suit and is pending before Judge Pitman in the Austin Division. *See* Marton Decl. ¶23, Ex. 19. Notably, Orion Labs originally filed the *Sprinklr* Action in this Division but then later stipulated to an intradistrict transfer to the Austin Division, admitting that Orion Labs had "no presence" in

Midland/Odessa.  *See id.* The *Sprinklr* Action is still in its early stages, with its claim

construction hearing currently set for June 9, 2026.  *See id* at D.I. 40.

## III.  LEGAL STANDARD

The Fifth Circuit[2] follows the "first-to-file" rule which "determines how a court decides

the merits of substantially similar issues in separately filed cases." *Scorpcast,* 2021 WL

7286024, at *1, citing *Sutter Corp. v. P & P Indus., Inc*., 125 F.3d 914, 920 (5th Cir. 1997).

"The first-to-file rule dictates that the court in which an action is first filed should determine

whether subsequently filed cases involving substantially similar issues should proceed." *Id.*,

citing *Save Power Ltd. v. Syntek Finance Corp*., 121 F.3d 947, 948 (5th Cir. 1997); *Mann Mfg.,*

*Inc. v. Hortex, Inc*., 439 F.2d 403, 407 (5th Cir. 1971).  "The first-to-file rule also provides that

the first-filed court may decide whether the second suit must be dismissed, stayed, or transferred

and consolidated." *Id.*  When related cases are pending before two federal courts, the court in

which the case was last filed may refuse jurisdiction if the issues raised by the cases substantially

overlap. *Id*., citing *Cadle Co. v. Whataburger of Alice, Inc*., 174 F.3d 599, 603 (5th Cir. 1999)

---

[2] This District applies Fifth Circuit law when considering transfer under the "first-to-file" rule.
*See, e.g.*, *Scorpcast, LLC v. MG Freesites, Ltd*., No. W-20-CV-00877-ADA, 2021 WL 7286024,
at *1 (W.D. Tex. June 21, 2021); *SIPCO, LLC v. Emerson Elec. Co*., No. 6:15-CV-907, 2016
WL 7743496, at *3 (E.D. Tex. July 1, 2016) ("Where, as here, the question is whether the
second-filed court should transfer to case to the first-filed court under the first-to-file rule,
virtually every court in this circuit has applied Fifth Circuit law."); *In re Nitro Fluids L.L.C.,* 978
F.3d 1308, 1311, n.2 (Fed. Cir. 2020) (accepting "district court's premise that Fifth Circuit law
governs these matters" while noting outcome would be no different under Federal Circuit or
Fifth Circuit law). The Federal Circuit also applies the "first-to-file" rule.  *See, e.g.*, *Electronics
for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) ("We apply the general rule
favoring the forum of the first-filed case[.]"), citing *Genentech, Inc. v. Eli Lilly & Co*., 998 F.2d
931, 937 (Fed. Cir. 1993), *abrogated in part on other grounds by Wilton v. Seven Falls Co*., 515
U.S. 277 (1995) ("The general rule favors the forum of the first-filed action, whether or not it is a
declaratory action...When the declaratory action can resolve the various legal relations in dispute
and afford relief from the controversy that gave rise to the proceeding, and absent sound reason
for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-
filed patent infringement action.").

(additional citations omitted). "The rule rests on principles of comity and sound judicial administration." *Id*. (citation omitted). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* (citation omitted).

"The second court only determines if a likelihood of substantial overlap of issues between the two suits has been demonstrated." *Id.*, citing *Mann Mfg.,* 439 F.2d at 408 ("Once the likelihood of substantial overlap between the two suits [has] been demonstrated, it [is] no longer up to the [second-filed court] to resolve the question of whether both should be allowed to proceed."); *Cadle Co*., 174 F.3d at 605-06; *Strukmyer, LLC v. Infinite Fin. Sols., Inc.*, No. 3:13-CV-3798-L, 2013 WL 6388563, at *7 (N.D. Tex. Dec. 5, 2013) (court's analysis "is limited to which suit was filed first, and whether substantial overlap between the suits exists"). Instead, "the proper course of action" is for the second-filed court "to transfer the case" to the first-filed court. *Cadle*, 174 F.3d at 606; *see also e.g.*, *On Semiconductor Corp. v. Samsung Elecs. Co*., No. 6:06-CV-523, 2007 WL 9697790, at *2 (E.D. Tex. June 21, 2007) ("Once it has been proven that the two actions might substantially overlap, the court with the second-filed action transfers the case to the court where the first-filed action is pending.") (citation omitted); *RPost Holdings, Inc. v. Trend Micro Inc*., No. 2:13-CV-1065, 2014 WL 12600272, at *1 (E.D. Tex. May 16, 2014). The first-filed court then decides whether the second suit filed should be dismissed, stayed, transferred or consolidated. *See, e.g.*, *Sutter*, 125 F.3d at 920.

Thus the "crucial inquiry" in considering whether a later-filed case should be transferred is the likelihood of "substantial overlap" between the cases. *See, e.g.*, *Scorpcast*, 2021 WL 7286024, at *2 (citations and internal quotations omitted); *Save Power*, 121 F.3d at 950. The cases "do not have to be identical" for the first-to file rule to be applicable. *E.g., id.*;

*DynaEnergetics Eur. GMBH v. Hunting Titan, Inc*., No. 6:20-CV-00069-ADA, 2020 WL 3259807, at *2 (W.D. Tex. June 16, 2020); *On Semiconductor*, 2007 WL 9697790, at *2 (first-to-file rule "applies when the two actions involve closely related questions or subject matter or the core issues substantially overlap") (citation omitted); *Yeti Coolers, LLC v. Beavertail Prods., LLC*, No. 1-15-CV-415 RP, 2015 WL 4759297, at *3 (W.D. Tex. Aug. 12, 2015). Courts will consider factors such as "the extent of the overlap, the likelihood of conflict, the comparative advantage and interest of each forum in resolving the dispute." *Scorpcast*, 2021 WL 7286024, at *2. In patent cases, courts have examined "whether they involved the same parties, the same technology, the same inventors, overlapping remedies, the same witnesses, or overlapping issues in claim construction." *See e.g.*, *id.*, citing *SIPCO*, 2016 WL 7743496, at *3; *see also DynaEnergetics*, 2020 WL 3259807, at *2; *AmberWave Sys. Corp. v. Intel Corp*., No. 2:05-CV-321, 2005 WL 2861476, at *2 (E.D. Tex. Nov. 1, 2005) ("[Substantial overlap does not require that the core issues be identical, but that the two actions will involve closely related questions or subject matter.")

Although some courts have recognized an exception to the "first-to-file" rule where convenience factors[3] favor the first-filed forum, the party objecting to jurisdiction in the first-filed forum—*i.e.*, the filer of the second-filed suit—carries the burden of proving that "compelling" reasons warrant the exception. *See In re Nitro Fluids*, 978 F.3d at 1311 ("Unless the balance of transfer factors favors keeping the case in the second-filed court, there are no

---

[3] Other courts have found it "generally unnecessary to apply the § 1404 convenience factors in the context of the first-to-file analysis," reasoning that to allow "the non-movant to bootstrap a § 1404 analysis to its response in opposition to a first-to-file motion would cause the Court to unduly encroach upon the domain of a sister court, thereby subverting the first-to-file rule and its purpose altogether." *See, e.g.*, *Truinject Corp. v. Nestle S.A.*, No. 4:20-CV-457, 2020 WL 6781578, at *3 (E.D. Tex. Nov. 18, 2020) (ordering transfer after finding substantial overlap).

compelling circumstances to justify such an exception."); *Mann Mfg.*, 439 F.2d at 407 ("In the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case.").

## IV.    ARGUMENT

### A.    <u>This Case Substantially Overlaps with the First-Filed NDCA Action</u>

Here, this second-filed suit is undisputedly likely to substantially overlap with Zoho's first-filed declaratory judgment action, and thus this action should be transferred to NDCA. First, the parties are identical. The Zoho Defendants and Plaintiff Orion Labs are the same and only parties in both cases. *Compare* Marton Decl. ¶ 12, Ex. 11 *with* D.I. 11; *see, e.g.*, *AmberWave*, 2005 WL 2861476, at *2 (finding substantial overlap where "the same parties [were] involved in both actions"); *SIPCO*, 2016 WL 7743496, at *3 (same).

Second, both actions involve the patents from the same family, nearly identical claims, and the same asserted technology.  Zoho's first-filed NDCA Complaint sought a finding of non-infringement of the '339 patent.  *See* Marton Decl. ¶ 11.  The '339 patent is part of the same patent family as the parent '430 and '003 patents, the two patents at issue in this WDTX case. *Id*. ¶¶ 5-7, 14, Exs. 4-6.  These three patents, share the same title, specifications, priority date, and nearly identical claim language and terms.  *See id.* ¶ 13; *also compare id*. at Ex. 4 *with id.* at Exs. 7 and 8 (reflecting identical specifications and Figures 1-5).   Where, as here, there are near identical claims, specifications, related patents, and the same parties and area of technology, courts have consistently found substantial overlap warranting transfer to the first-filed court. *See, e.g.*, *Mann Mfg.*, 439 F.2d at 407 (finding likelihood of substantial overlap where cases involved related patents); *Scorpcast*, 2021 WL 7286024, at *3 (finding "a high degree of overlap" where same parties, same accused products, patent specifications significantly overlapped, patents shared priority claim, and patent technology nearly identical); *02 Micro Int'l*

*Ltd. v. Monolithic Power Sys., Inc.*, No. 2:04-CV-359, 2006 WL 887391, at *2 (E.D. Tex. Mar.

28, 2006) (ordering transfer where cases involved related patents); *Lo v. Microsoft Corp.*, No.

2:07-CV-322-DF, 2008 WL 11445459, at *3 (E.D. Tex. Mar. 25, 2008) (ordering transfer where

both actions addressed identical patents and claims); *SIPCO*, 2016 WL 7743496, at *3 (finding

likelihood of substantial overlap between suits where cases involved same parties, same accused

products, and patents from same family); *see also AmberWave*, 2005 WL 2861476, at 2

(ordering transfer even where patents related to "different scientific fields" in same area of

technology since subject matter was closely related, and two suits involved the same parties and

same accused products); *Mosaid Techs. Inc. v. Micron Tech., Inc.*, No. 2:06-CV-302 (DF), 2008

WL 11348413, at *3 (E.D. Tex. July 2, 2008) (ordering transfer where technology significantly

overlapped); *DynaEnergetics*, 2020 WL 3259807, at *4 (overlapping claim terms creates "a

potential for conflict exists if the claims are constructed differently.").  Moreover, Zoho has filed

an amended complaint adding the '430 and '003 patents to the NDCA Action.  Thus, the first-

filed case now includes the same two WDTX patents-in-suit, resulting in there now being

complete overlap between the NDCA Action and the WDTX Action.  *See On Semiconductor*,

2007 WL 9697790, at *2 (finding declaratory relief complaint that added related patent at issue

in second-filed case to nevertheless still be the "first-filed" action).

 Third, both cases involve the same accused Zoho technology.  As reflected in Orion

Labs' pre-suit correspondence (which served as the basis for Zoho's NDCA Complaint), Orion

Labs asserts that Zoho's AI assistant (Zia) as used with Zoho Voice, Zoho Meeting, and Zoho

Cliq infringe the patents-in-suit.  *See* Marton Decl. ¶¶ 2-4, 10, Exs. 1-3, 9. Orion Labs has

accused the same Zoho products in this WDTX Action.  *See* Part II.B *supra.*

Fourth, given the similarity and overlap in the patents-in-suit and accused technology, the infringement issues are the same in both cases.  Indeed, Orion Labs asserts the same "evidence of use" regarding Zoho's purported infringement of the '339, '430 and '003 patents.  *Compare* D.I. 1-1 ("EOU by Zoho Voice") and 1-2 ("EOU by Zoho Voice") *with* Marton Decl. Ex. 2 ("EOU by Zoho Voice").  Zoho also asserts at least two non-infringement theories that equally apply to the '339, '430, and '003 patents; namely, that Zia is not a member node of the communication group, and that Zoho's products do not permit a member of a communication group to instantiate a virtual assistant or bot.  *See* Marton Decl. ¶ 15, Ex. 12 ¶¶ 24-28.  These non-infringement theories thus overlap and would lead to potential conflicting rulings and inconsistent results, thus favoring transfer.  *See DynaEnergetics*, 2020 WL 3259807, at *4 (explaining that a "likelihood of conflict" favors transfer for potential consolidation with first-filed action) (citation omitted).

Fifth, the witnesses and evidence almost completely overlap.  Both cases involve the same third-party witnesses all of whom are in California.  *See* Part II.C *supra*.  Both also involve the same Zoho witnesses and evidence, including source code for the Accused Products. *See, e.g.*, *Cameron Int'l Corp. v. Nitro Fluids L.L.C.,* No. 6:20-CV-00125-ADA, 2020 WL 3259809, at *4 (W.D. Tex. June 16, 2020), *mandamus granted, order vacated sub nom*. *In re Nitro Fluids L.L.C.*, 978 F.3d 1308 (Fed. Cir. 2020) (finding substantial overlap after recognizing "a large majority of the evidence and witnesses will be the same" across both cases involving, *inter alia*, the same parties, inventors, physical evidence, witnesses and technology).

In short, there is a near complete overlap in factual and legal issues between the first-filed NDCA Action and this second-filed WDTX action. Given this substantial similarity and overlap in the patents-in-suit, claim terminology, inventors, accused Zoho technology, witnesses and evidence, the "first-to-file" rule dictates that this second-filed action be transferred to NDCA, so

that the first-filed NDCA court can determine whether to dismiss, transfer, consolidate or stay

this second-filed action while the first-filed case proceeds.

**B.** **There are No "Compelling" Circumstances Justifying Departure from the "First-to-File" Rule**

There also are no "compelling reasons" warranting departure from the "first-to-file" rule

here.  For this dispute, the Court in NDCA is the more appropriate and convenient[4] forum.

"Unless the balance of transfer factors favors keeping the case in the second-filed court, there are

no compelling circumstances to justify such an exception" to the first-to-file rule.  *In re Nitro*

*Fluids*, 978 F.3d at 1311. Here, none of the transfer convenience factors favor maintaining this

dispute in this forum.  *First*, the relative ease of access to sources of proof is greater in NDCA

than in this forum.   Even though Zoho has a presence in WDTX, it is in the Austin Division,

over 300 miles away from Midland, making this forum significantly more inconvenient than

NDCA.  Marton Decl. ¶ 36, Ex 32; Sundaram Decl. ¶¶ 5-8.  The key documents (including

source code) also are overseas, and would be relatively easier to access in NDCA, where Zoho

has offices, in contrast to Midland, TX, where Zoho has none.  *See id*.; *In re TikTok, Inc*., 85

F.4th 352, 359 (5th Cir. 2023).  *Second*, the availability of compulsory process favors NDCA.

Key third party witnesses – Orion Inc. and all four inventors on the patents-in-suit reside in CA

(there of whom are in NDCA).  Marton Decl. ¶¶ 27-31; Ex. 23-27; *In re Genentech, Inc*., 566

---

[4] Courts in the Fifth Circuit apply the "public" and "private" interest factors when conducting a transfer analysis under 1404.  *See, e.g.*, *In re Genentech, Inc*., 566 F.3d 1338, 1342 (Fed. Cir. 2009), citing *In re Volkswagen of Am., Inc*., 545 F.3d 304, 314 n.9 (5th Cir. 2008). The private factors include (1) relative ease of access to sources of proof; (2) availability of compulsory process to secure the attendance of witnesses; (3) cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  *See id.*  The public factors include: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized interests decided at home; (3) familiarity of the forum with the law that will govern the case; and (4) avoidance of unnecessary problems of conflict of laws on in the application of foreign law). *See id.*

F.3d 1338, 1345 (Fed. Cir. 2009) ("The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly.").  In contrast, none are in Texas.  *See id. Third*, the cost of attendance of willing witnesses favors NDCA.  Mr. Sundaram, who is expected to be Zoho U.S.'s corporate witness, resides in Saratoga, California and is based out of Zoho's Pleasanton offices.  Sundaram Decl. ¶ 2.  Attending proceedings locally in San Jose would be more convenient than traveling out-of-state to Texas.  Moreover, any Zoho witnesses from India would be more inconvenienced traveling to Midland, Texas (which is over 300 miles away from Zoho's Austin offices) in contrast to the NDCA courthouse (which is just a little over 30 miles away from Zoho's CA offices).  *See Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.*, No. 6:19-CV-00355-ADA, 2020 WL 6136783, at *4 (W.D. Tex. Mar. 30, 2020).  Additionally, Dan Buri, who would be familiar with the valuation of the patents-in-suit and Orion Labs' licensing efforts, resides in Oregon (*see* Marton Decl. ¶ 22, Ex. 18), which is closer to NDCA than WDTX.  *Fourth*, the practical problems factor does not favor this forum.  Orion Labs is already proceeding with another patent litigation case involving all five patents-in-suit against TalkDesk before Judge DeMarchi in NDCA. Indeed, the Court reassigned Zoho's case to Judge DeMarchi and has noted it as "relate[d]" on the docket.  *See id.* ¶ 11, Ex. 10; *see also id.* at D.I. 12 (Orion Labs consenting to Judge DeMarchi).  The *TalkDesk* Action is also further along with a Section 101 motion to dismiss full briefed and heard.  *See id.* ¶ 19, Ex. 15 (transcript reflecting Judge DeMarchi's familiarity with patents-in-suit).  Thus, having this case proceed in NDCA would promote not only administrative and judicial efficiency and expediency, but would minimize any risk of conflicting rulings between two district courts.

Additionally, the public factors also do not support maintaining this action here.  NDCA has a greater local interest not only because California has an interest in regulating the conduct of

14

its corporations, but the alleged inventions in the patents-in-suit are based on work performed by California residents in this District while working at a company that resides in this District. In contrast, none of the inventors have any connections with Texas. Zoho also has no presence in and around Midland, Texas in WDTX. Moreover, the *TalkDesk* Action is already proceeding in NDCA on the same five patents-in-suit.

Finally, there is no reason why Zoho's choice of forum in NDCA is not a just, proper and appropriate choice of forum. Orion Labs has already consented to proceeding before Judge DeMarchi. *See* Marton Decl. ¶¶ 17, Ex. 13 at D.I. 34. The Zoho U.S. entities are both California corporations with their principal place of business in NDCA and Zoho has maintained a long-standing significant and continuous presence in NDCA for over twenty years. *Id.* ¶¶ 32-34. Exs. 28-30; Sandaram Decl. ¶ 8. Additionally, NDCA is Zoho's regular choice of forum for disputes. Marton Decl. ¶¶ 36, Ex. 32.

In sum, none of the transfer convenience factors supports any reason, let alone any "compelling" reason, to deny transfer under the "first-to-file" doctrine. *See, e.g.*, *In re Nitro Fluids*, 978 F.3d at 1311; *AmberWave*, 2005 WL 2861476, at *2 ("If this Court retains this action, there will be two complex and simultaneous actions between the same parties over related technologies and involving the same accused products. Consequently, justice and expediency do not outweigh application of the first-to-file rule.").

## V.    CONCLUSION

For the foregoing reasons, Zoho respectfully requests that this case be transferred to the Northern District of California pursuant to the "first-to-file" doctrine.

Dated: February 23, 2026

By: */s/ Phillip J. Haack* _____

Phillip J. Haack

Phillip J. Haack (CA 262060, admitted W.D. Tex.)
Ryan J. Marton (*pro hac vice* forthcoming)
Hector J. Ribera (*pro hac vice* forthcoming)
Carolyn Chang (*pro hac vice* forthcoming)
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone:  (415) 360-2515
Email:      phaack@martonribera.com
            ryan@martonribera.com
            hector@martonribera.com
            carolyn@martonribera.com

*Counsel for Defendants Zoho Corporation Pvt. Ltd.,
Zoho Corporation and Zoho Technologies
Corporation*

16

## CERTIFICATE OF CONFERENCE

I hereby certify that that on February 12, 2026, counsel for Defendants, contacted counsel for Plaintiff to confer regarding this motion, and Plaintiff's counsel indicated that Plaintiff opposed this motion.

Dated:  February 23, 2026

By:    /s/ *Phillip J. Haack*
         Phillip J. Haack

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on February 23, 2026.

By:    /s/ *Phillip J. Haack*
         Phillip J. Haack