UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| ORION LABS TECH, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ZOHO CORPORATION PVT LIMITED, ZOHO CORPORATION, and ZOHO TECHNOLOGIES CORPORATION,<br><br>　　　　　　Defendants. | Civil Action No. 7:25-cv-00480-DC-DTG |

**DECLARATION OF RYAN J. MARTON IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA
BASED ON THE "FIRST-TO-FILE" DOCTRINE**

I, Ryan J. Marton, declare as follows:

1.  I am an attorney licensed to practice law in the State of California and a partner at the law firm of Marton Ribera Schumann & Chang LLP, counsel for Defendants Zoho Corporation Pvt. Ltd. ("ZCPL"), Zoho Corporation ("Zoho Corp."), and Zoho Technologies Corporation ("Zoho Technologies") (collectively, "Zoho" or "Defendants") in this matter. I have personal knowledge of the facts set forth herein unless otherwise indicated, and if called to testify, I could and would testify competently thereto. I submit this declaration in support of Defendants' Motion to Transfer Venue to the Northern District of California Based on the "First-to-File" Doctrine (the "Transfer Motion").

2.  On January 28, 2025, Dan Buri of Vitek-IP, a representative of Plaintiff Orion Labs Tech, LLC ("Orion Labs") reached out to Zoho Corporation, asserting Zoho's use of Orion Labs' patented technology. In that correspondence, Orion Labs stated that it "has taken steps to enforce its patents," noting the lawsuit it had filed against TalkDesk, Inc. Orion Labs stated that it "will enforce is patents against infringers," but extended an offer to Zoho "to find an agreeable arrangement for licensing Zoho's use of the patents." Attached as **Exhibit 1** is a true and correct copy of an email exchange from 2025 that includes Orion Labs' January 28, 2025 communication to Zoho.

3.  Orion Labs followed up with Zoho on February 11, 2025, this time attaching "exemplary" claim charts for claim 1 of U.S. Patent No. 10,924,339 ("the '339 patent"), claims 1 and 5 of U.S. Patent No. 11, 258,733 ("the '733 patent"), and claim 1 of U.S. Patent No. 11,127,636 ("the '636 patent"), purporting to map the claims to the Zoho Voice product. *See* Exhibit 1. Attached as **Exhibit 2** is a true and correct copy of the claim chart for claim 1 of the '339 patent that Orion Labs had provided to Zoho on February 11, 2025. In its February 11,

2025 correspondence, Orion Labs also identified other patents as being relevant to Zoho, including U.S. Patents Nos. 10,110,430 ("the '430 patent") and 10,462,003 ("the '003 patent"). *See* Exhibit 1.

    4.      On March 20, 2025, following a phone call I had with Orion Labs, Orion Labs sent a follow-up email, again identifying among other patents, the '430 and '003 patents as being relevant to Zoho. It also identified Zoho Cliq, Zoho CRM, Zoho Meeting as additional relevant Zoho products. Attached as **Exhibit 3** is a true and correct copy of email correspondence that includes the March 20, 2025 email. On April 9, 2025, Orion Labs also provided a claim chart purporting to map Zoho Cliq to claim 1 of the '339 patent.

    5.      Attached as **Exhibit 4** is a true and correct copy of the '339 patent.

    6.      Attached as **Exhibit 5** is a true and correct copy of the '430 patent.

    7.      Attached as **Exhibit 6** is a true and correct copy of the '003 patent.

    8.      Attached as **Exhibit 7** is a true and correct copy of the '733 patent.

    9.      Attached as **Exhibit 8** is a true and correct copy of the '636 patent.

    10.      In correspondence from April through June 2025, I explained to Orion Labs that Zoho did not understand how its products met certain limitations of the '339, '733, and '636 patent claims. Attached as **Exhibit 9** is a true and correct copy of the email correspondence that include my discussions with Orion Labs as to why Zoho did not understand how it infringed the Orion Labs patents.

    11.      Subsequently, on October 10, 2025, Zoho filed in the Northern District of California a lawsuit seeking declaratory judgment of non-infringement against Orion Labs on the '339, '636 and '733 patents. *See Zoho Corp Pvt. Ltd., et al. v. Orion Labs Tech LLC*, Case No. 3:25-cv-0727-VKD (N.D. Cal. filed Oct. 10, 2025) (the "NDCA Action"). A true and correct

copy of the docket for the NDCA Action as of February 22, 2026 is attached hereto as **Exhibit 10.**

12. As reflected in the Complaint filed by Zoho in the NDCA Action, a true and correct copy of which is attached hereto as **Exhibit 11** (the "NDCA Complaint"), Zoho alleges that Zia, as used in conjunction with Zoho Cliq, Zoho Voice or Zoho Meeting does not infringe the '339, '636, and '733 patents.

13. Subsequently, on October 21, 2025, Orion Labs filed this Western District of Texas action against Zoho in this Division, asserting infringement of two related patents, the '430 and '003 patents (the "WDTX Action"). The '430 and '003 patents are related parent patents of the '339 patent, sharing the common title, "INTELLIGENT AGENT FEATURES FOR WEARABLE PERSONAL COMMUNICATION NODES," and the first independent claims of these three patents are nearly identical. The chart prepared below compares claim 1 of '339 patent with claim 1 of the '430 patent and claim 1 of the '003 patent, showing how the claim language is identical except for where the language highlighted in gray differs.

| Claim 1 of the '339 patent | Claim 1 of the '430 patent | Claim 1 of the '003 patent |
|---|---|---|
| A method of managing a communication group, wherein the communication group comprises a plurality of personal communication member nodes, the method comprising: receiving instructions from at least one of the plurality of personal communication member nodes to instantiate an intelligent agent; instantiating the intelligent agent as a virtual assistant communication member node in the communication group; and the instantiated intelligent | A method of managing a communication group, wherein the communication group comprises a plurality of personal communication member nodes, the method comprising: receiving instructions from at least one of the plurality of personal communication member nodes to instantiate an intelligent agent; instantiating the intelligent agent as a virtual assistant communication member node in the communication group; and the instantiated intelligent | A method of managing a communication group, wherein the communication group comprises a plurality of personal communication member nodes, the method comprising: receiving instructions from at least one of the plurality of personal communication member nodes to: instantiate an intelligent agent; and where to instantiate the intelligent agent; instantiating the intelligent agent as a virtual assistant communication member node in the |

| agent transcribing communications among and between the plurality of personal communication member nodes in the communication group. | agent recording and auditing communications among and between the plurality of personal communication member nodes in the communication group. | communication group; and the instantiated intelligent agent performing a service for one or more personal communication member nodes in the communication group. |

14. In this WDTX Action against Zoho, Orion Labs attached claim charts purporting to map claim 1 of the '430 and '003 patents to Zoho Voice. *See* D.I. 1-1 and D.I 1-2. The infringement allegations Orion Labs sets forth in the '430 and '003 patent claim charts filed in this WDTX Action mirror and are substantially similar to the allegations Orion Labs set forth in its claim chart for mapping claim 1 of the '339 patent to Zoho Voice. *Compare* D.I. 1-1 and D.I 1-2 *with* Exhibit 2.

15. Given the substantial overlap between the WDTX Action and the NDCA Action, on October 28, 2025, Zoho amended its NDCA Complaint to add two declaratory judgment causes of action to address the two related '430 and '003 patents asserted in the WDTX Action. A true and correct copy of Zoho's amended complaint (without exhibits) is attached hereto as **Exhibit 12** (the "NDCA FAC"). As reflected in the NDCA FAC, it repeats the same allegations as the NDCA Complaint as to why Zoho's products do not infringe, and also states that the same non-infringement contentions alleged for the '339 patent apply equally to the ''430 and ''003 patents (given the near identical nature of the patent claims).

16. On December 12, 2025, Orion Labs moved to dismiss, or in the alternative, to transfer, the NDCA Action to this District. *See* Exhibit 10 at D.I. 21, 22. On February 3, 2026, the Court held a hearing on the motions. *See id.* at D.I. 40. To date, Judge DeMarchi has not issued an order on the pending motions.

17. Attached as **Exhibit 13** is a true and correct copy of the docket as of February 22, 2026 in the matter, *Orion Labs Tech, LLC v. TalkDesk, Inc.*, No. 5:25-cv-05045-VKD (N.D. Cal. filed June 16, 2025) (the "*TalkDesk* Action")

18. Attached as **Exhibit 14** is a true and correct of the First Amended Complaint in the *TalkDesk* Action (D.I. 54), wherein Orion Labs asserts against TalkDesk infringement of seven patents, including the same five patents—*i.e.*, the '339, '636, '733, '430 and '003 patents— that are at issue between Orion Labs and Zoho.

19. Attached as **Exhibit 15** is a true and correct copy of the Transcript of Proceedings for the hearing on TalkDesk's motion to dismiss before Judge DeMarchi that took place on December 9, 2025.

20. Attached as **Exhibit 16** is a true and correct copy of the corporation filing for Orion Labs which had been attached as Exhibit 1 to an attorney declaration submitted in support of Talkdesk, Inc.'s motion to transfer in the case, *Orion Labs Tech, LLC v. TalkDesk, Inc.,* Case No. 3:24-cv-0858-RCY (E.D. Va.), at ECF 11-1.

21. Attached as **Exhibit 17** is a true and correct copy of a printout of Vitek-IP's LinkedIn page at the URL https://www.linkedin.com/company/vitek-ip reflecting its Headquarters and Primary Location as Portland, Oregon.

22. Attached as **Exhibit 18** is a true and correct copy of a printout of the LinkedIn page for Daniel Buri, CEO of Vitek IP, at the URL https://www.linkedin.com/in/daniel-buri-37a1a37 reflecting that he is located in Portland, Oregon.

23. Attached as **Exhibit 19** is a true and correct copy of the Joint Motion for Intradistrict Transfer to the Austin Division filed on May 23, 2025 in *Orion Labs Tech, LLC .v. Sprinklr, Inc.*, Case No. 7:25-cv-00133-DC-DTG (W.D.Tex.), at D.I. 16. Also attached as

**Exhibit 19** is the Order entered by this Court on the Joint Motion on June 20, 2025 at D.I. 22. Both reflect that Orion Labs has no presence in Midland/Odessa. I have also attached to **Exhibit 19** a copy of the docket in the transferred *Sprinklr* Action, Case No. 1:25-cv-01100-RP, as of February 22, 2026.

24. Attached as **Exhibit 20** is a true and correct copy of a printout of the URL https://www.orionlabs.io/contact/ reflecting an address in San Francisco, California for third-party Orion Labs, Inc. ("Orion Inc."), who is the applicant on the five patents-in-suit.

25. Attached as **Exhibit 21** is a true and correct copy of a printout of Orion Inc.'s LinkedIn page at the URL https://www.linkedin.com/company/orionlabsinc reflecting its "Headquarters" in San Francisco, California.

26. Attached as **Exhibit 22** is a true and correct copy of the Statement of Information for Orion Inc. filed on August 15, 2024 obtained from the California Secretary of State website reflecting Orion Inc's State of incorporation as Delaware and its principal address, mailing address and street address as 548 Market Street, San Francisco, CA 94104.

27. Attached as **Exhibit 23** is a true and correct copy of a printout of the LinkedIn page for Ellen Juhlin, at the URL https://www.linkedin.com/in/ellenjuhlin reflecting her location in Oakland, California.

28. Attached as **Exhibit 24** is a true and correct copy of a printout of the LinkedIn page for Jesse Robbins, at the URL https://www.linkedin.com/in/jesserobbins reflecting his location in San Francisco, California.

29. Attached as **Exhibit 25** is a true and correct copy of a printout of the LinkedIn page for Star Simpson, at the URL https://www.linkedin.com/in/star-simpson-90a63a160/

reflecting her location in Los Angeles, California.  Also attached as Exhibit 25 is a true and correct copy of a printout of Star Simpson's website at the URL https://starsimpson.com.

30.	Attached as **Exhibit 26** is a true and correct copy of printouts of the LinkedIn pages for Greg Albrecht, at the URLs https://www.linkedin.com/in/ampledata/ and https://www.linkedin.com/in/ampledata/details/experience/ reflecting he is located in San Francisco, California.

31.	Attached as **Exhibit 27** is a true and correct copy of a printout of the URL https://www.orionlabs.io/about/ reflecting Ellen Juhlin as Orion Labs' Senior Director of Product Management, Jesse Robbins as Orion Labs' Founder, Advisor, and Board Member, and Greg Albrecht as Orion Labs' Co-Founder and Advisor.

32.	Attached as **Exhibit 28** is a copy of the Statement of Information for Zoho Corporation ("Zoho Corp.") dated October 9, 2025 obtained from the California Secretary of State website reflecting Zoho Corp.'s State of incorporation as California and its principal address and mailing address as 4141 Hacienda Drive, Pleasanton, CA 94588.

33.	Attached as **Exhibit 29** is a copy of the Statement of Information for Zoho Technologies Corporation ("Zoho Technologies") dated May 8, 2025 obtained from the California Secretary of State website reflecting Zoho Technologies' State of incorporation as California and its principal address, mailing address and street address as 4141 Hacienda Drive, Pleasanton, CA 94588.

34.	Attached as **Exhibit 30** is a true and correct copy of a printout of the URL https://www.zoho.com/contactus.html reflecting among Zoho's USA offices, its California location at 4141 Hacienda Drive, Pleasanton, CA 94588, and its Texas offices in Austin, McAllen and New Braunfels.

35.     Attached as **Exhibit 31** is a true and correct copy of a printout of the URL https://www.zoho.com/legal/zoho-contracting-entities.html which lists the jurisdictions for Zoho's standard Terms of Service (which is available at https://www.zoho.com/terms.html, listing the "Governing Law" as "California" and the "Jurisdiction" as "Northern California" for the United States.

36.     Attached as **Exhibit 32** are true and correct printouts of screenshots of Google Maps for the respective distances between the U.S. federal courthouse in Midland, Texas and each of Zoho's offices in Austin, McAllen and New Braunfels, Texas, reflecting the closest being a distance of over 300 miles away and requiring over five hours of travel time.  Also attached is a screenshot taken of Google Maps for the distance between the U.S federal courthouse in San Jose, California and Zoho's Pleasanton office location.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on February 23, 2026 in San Francisco, California.

/s/     Ryan J. Marton
       Ryan J. Marton

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on February 23, 2026

By:   /s/ *Ryan J. Marton*
         Ryan J. Marton