# EXHIBIT 12

1  RYAN J. MARTON (223979)
   ryan@martonribera.com
2  CAROLYN CHANG (217933)
   carolyn@martonribera.com
3  HECTOR J. RIBERA (221511)
   hector@martonribera.com
4  PHILLIP J. HAACK (262060)
   phaack@martonribera.com
5  SONGMEE L. CONNOLLY (228555)
   songmee@martonribera.com
6  MARTON RIBERA SCHUMANN & CHANG LLP
   548 Market Street, Suite 36117
7  San Francisco, CA 94104
   Tel.: (415) 360-2511
8

9  Attorneys for ZOHO CORPORATION
   PVT. LTD., ZOHO CORPORATION, and
   ZOHO TECHNOLOGIES CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| ZOHO CORPORATION PVT. LTD., ZOHO CORPORATION, and ZOHO TECHNOLOGIES CORPORATION, Plaintiffs, v. ORION LABS TECH, LLC Defendant. | Case No: 3:25-cv-8727<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |
|---|---|

Plaintiffs Zoho Corporation Pvt. Ltd., Zoho Corporation, and Zoho Technologies Corporation (collectively, "Zoho" or "Plaintiff"), by and through their attorneys, bring the following First Amended Complaint against Defendant Orion Labs Tech, LLC ("Orion Labs" or "Defendant") for a declaratory judgment of non-infringement as follows:

## I. NATURE OF THE ACTION

1. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35, United States Code, Zoho seeks a declaratory judgment of non-infringement of U.S. Patent Nos. 10,924,339 (the "'339 patent"); 11,127,636 (the "'636 patent"); 11,258,733 (the "'733 patent"), 10,110,430 (the "'430 patent"), and 10,462,003 (the "'003 patent") (collectively "the patents-in-suit").

2. In correspondence to Zoho, Orion Labs asserts that Zoho's Zia feature used in conjunction with the Zoho Voice, Zoho Meeting, and/or Zoho Cliq products infringe the patents-in-suit. Because Orion Labs's assertions have no merit and the accused Zoho products do not infringe any of the patents-in-suit, the Zoho plaintiffs seek a declaratory judgment of non-infringement.

## II. PARTIES

3. Zoho Corporation Pvt. Ltd. is a corporation organized and existing under the laws of India, with a principal place of business at Estancia IT Park, Plot No. 140 & 151, GST Road, Vallancherry Village, Chengalpattu Taluk, Kanchipuram District 603 202, India.

4. Zoho Technologies Corporation is a corporation organized and existing under the laws of the State of California with its place of business at 4141 Hacienda Drive, Pleasanton, California, 94588. Zoho Technologies Corporation is a wholly-owned subsidiary of Zoho Corporation Pvt. Ltd. and was the U.S. distributor for all Zoho Products until 2024.

5. Zoho Corporation is a corporation organized and existing under the laws of the State of California with its place of business at 4141 Hacienda Drive, Pleasanton, California, 94588. Zoho Corporation is the current U.S. distributor for all Zoho Products.

6. On information and belief, Orion Labs is a limited liability company formed under the laws of the State of Washington with a registered office address located at 16935 SW 108th Ave, Tualatin, Oregon 970621.

First Amended Complaint for Declaratory Judgment   1   Case No. 3:25-cv-8727

### III. JURISDICTION AND VENUE

7. This is a civil action regarding patent non-infringement arising under the patent laws of the United States. Orion Labs has asserted that the patents-in-suit read on the accused Zia feature used in conjunction with Zoho Voice, Zoho Meeting, and/or Zoho Cliq and has demanded that Zoho take a license to the patents-in-suit. The accused Zoho technology does not infringe the patents-in-suit. Thus, a substantial controversy exists between Zoho and Orion Labs that is of sufficient immediacy and reality to allow the Court to issue a declaratory judgment.

8. This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pursuant to 28 U.S.C. §§ 2201 and 2202.

9. This Court has personal jurisdiction over Orion Labs because Orion Labs has purposefully and affirmatively engaged in enforcement of the patents-in-suit in this District. For example, Orion Labs has agreed to and is actively participating in a lawsuit in this District against Talkdesk, Inc., for alleged infringement of the patents-in-suit. *See Orion Labs Tech, LLC v. Talkdesk, Inc.*, Case No. 4:25-cv-05045-YGR, ECF Nos. 1, 54, 34-36 (suit asserting infringement of patents-in-suit pending in Northern District of California following transfer from Eastern District of Virginia pursuant to parties' agreement). Thus for at least over the past four months Orion Labs has engaged in active litigation in this District asserting the patents-in-suit and availing itself of the laws and judicial resources of this District. Orion Labs' counsel has sought and been granted *pro hac vice* admission to practice in this District and has appeared in this District. *See, e.g.*, *id*. at ECF Nos. 51, 52. Orion Labs also has engaged counsel in California to assist it with that litigation. *See id.* Orion Labs, though one or more agents, has worked in California and in this District enforcing the patents-in-suit.

10. On information and belief, in the course of its enforcement campaign, Orion Labs has targeted companies located in California and within this District asserting that such companies were practicing one or more of the patents-in-suit without a license. On information and belief, Orion Labs sent correspondence to these companies and communicated over the phone with one or more of these companies regarding enforcement of one or more of the patents-in-suit. For example, and as further alleged below, between January and April 2025, Orion Labs sent multiple instances of correspondence directly to Zoho, who is located in this District, as well as directly to Zoho's counsel, who is also

located in this District, asserting that Zoho's products infringe the patents-in-suit. Among this correspondence, Orion Labs sent charts indicating how Orion Labs believes Zoho's products practice one or more of the patents-in-suit.

11. On information and belief, Orion Labs' operations are limited to patent enforcement. Thus, a substantial portion of Orion Labs' operations (related to enforcement of its patents (including the patents-in-suit)) have occurred in this District.

12. Venue is proper in this district under 28 U.S.C. § 1391(b) at least because the events which give rise to the requested remedy occurred in District.

### IV.   DIVISIONAL ASSIGNMENT

13. This is an intellectual property action to be assigned on a district wide basis pursuant to Civil L.R. 3-2(c) and General Order No. 44, D.3.

### V.   PATENTS-IN-SUIT

14. The '339 patent, entitled INTELLIGENT AGENT FEATURES FOR WEARABLE PERSONAL COMMUNICATION NODES, states on its face that it issued on February 16, 2021. A true and correct copy of the '339 patent is attached as Exhibit 1.

15. The '636 patent, entitled BOT GROUP MESSAGING USING BOT-SPECIFIC VOICE LIBRARIES, states on its face that it issued on September 21, 2021. A true and correct copy of the '636 patent is attached as Exhibit 2.

16. The '733 patent, entitled TRANSCRIPTION BOT FOR GROUP COMMUNICATIONS, states on its face that it issued on February 22, 2022. A true and correct copy of the '733 patent is attached as Exhibit 3.

17. The '430 patent, entitled INTELLIGENT AGENT FEATURES FOR WEARABLE PERSONAL COMMUNICATION NODES, states on its face that it issued on October 23, 2018. A true and correct copy of the '430 patent is attached as Exhibit 4.

18. The '003 patent, entitled INTELLIGENT AGENT FEATURES FOR WEARABLE PERSONAL COMMUNICATION NODES, states on its face that it issued on October 29, 2019. A true and correct copy of the '003 patent is attached as Exhibit 5.

## VI. FACTUAL BACKGROUND

19. In January 2025, Orion Labs, via its licensing agent Vitek IP, LLC, sent correspondence to Zoho asserting that it was using the technology allegedly claimed in the patents-in-suit and demanding that Zoho take a license to its patent portfolio.

20. In February 2025, Vitek IP followed up, attaching claim charts with the '339 patent, '636 patent, and '733 patent purporting to show how Zia used in conjunction with Zoho Voice infringed each of the patents-in-suit. Zoho responded in March 2025, and after Zoho's counsel identified questions about Orion Labs's infringement theories, Orion Labs asserted that Zia used in conjunction with Zoho Cliq and Zoho Meeting infringed the '339 patent, '636 patent, and '733 patent, and attached a chart purporting to show how Zia used with Zoho Cliq infringes the '339 patent.

21. On October 10, 2025, Zoho filed its original complaint in this action seeking declaratory judgment of non-infringement of the '339 patent, '636 patent, and '733 patent (the "NDCA Action").

22. On October 21, 2025, Orion Labs filed an action against Zoho in the Western District of Texas, Midland/Odessa Division, Case No. 7:25-cv-00480-DC-DTG, which substantially overlaps with the NDCA Action, asserting infringement of the '430 patent and the '003 patent, both of which are from the same family and have the same specification as the '339 patent (the "WDTX Action").

23. Despite Orion Labs's assertions and allegations, Zoho does not infringe any of the patents-in-suit.

24. Each of the allegedly infringed claims requires a virtual assistant or bot that is a node in or a member of a communication group. That is, the virtual assistant or bot is not assigned to a single user; it is an independent member of the communication group. Orion Labs has asserted that Zoho's Zia is such virtual assistant.

25. However, Zia is not a member of a communications group in any of Zoho Cliq, Zoho Meeting, or Zoho Voice. Zoho thus does not infringe any allegedly infringed claim.

26. Orion Labs has asserted that the '339 patent, '430 patent, and the '003 patent are directed to instantiating a bot in communication group and using the bot to perform services for group members like transcription or recording.

27. Orion Labs alleges that Zia used in conjunction with Zoho Cliq, Zoho Meeting, and/or Zoho Voice infringe claim 1 of the '339 patent, claim 1 of the '430 patent, and claim 1 of the '003 patent.

28. In addition to the requirement that the accused systems include a virtual assistant or bot that is a node in or a member of a communication group, the claims of the '339 patent, '430 patent, and '003 patent further require that a member of the communication group send instructions to instantiate the virtual assistant. None of the accused Zoho products permit a member of a communication group to instantiate Zia as a virtual assistant as required by claims of the '339 patent, '430 patent, and '003 patent.

29. Orion Labs has asserted that the '636 patent is directed to a group communication platform using a voice-enabled bot with a selected voice library to process recorded audio.

30. Orion Labs alleges that Zia used in conjunction with Zoho Cliq, Zoho Meeting, and Zoho Voice infringe claim 1 of the '636 patent.

31. In addition to the requirement that the accused systems include a virtual assistant or bot that is a node in or a member of a communication group, the '636 patent requires that the accused system send a message that includes an audio recording and a "bot identifier for a bot member of the group." The accused Zoho products do not include the required message.

32. The '636 patent also requires a selection of one of a plurality of voice libraries that enabled speech-to-text transcription for a natural language. The accused Zoho products do not support selection of a particular voice library or multiple natural languages.

33. Orion Labs has asserted that the '733 patent is directed to transcribing audio in a group communication service using a bot.

34. On information and belief, Orion Labs alleges that Zia used in conjunction with Zoho Cliq, Zoho Meeting, and Zoho Voice infringe claim 1 of the '733 patent.

35. In addition to the requirement that the accused systems include a virtual assistant or bot that is a node in or a member of a communication group, the '733 patent requires that a member of the communication group send "an audio transcription request." The accused Zoho products do not enable such functionality.

36. The '733 patent further requires "determining a bot member . . . to launch based on an identifier of the communication group." The accused Zoho technology does not include this functionality

37. For at least these reasons, Zoho does not infringe any claim of the patents-in-suit.

38. An actual and justiciable controversy exists between Zoho and Orion Labs regarding whether Zoho directly or indirectly infringes any valid claim of the patents-in-suit, literally or under the doctrine of equivalents.

39. A judicial declaration is necessary to determine the respective rights of the parties regarding the patents-in-suit. Zoho, therefore, seeks a judicial declaration that it did not directly or indirectly infringe any claim of the patents-in-suit, literally or under the doctrine of equivalents.

**FIRST CAUSE OF ACTION:**
**(Declaratory Judgment of Non-Infringement of the '339 Patent)**

40. Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

41. Orion Labs claims to own all right, title and interest in the '339 patent, including rights to enforce the '339 patent and recover for its infringement.

42. Orion Labs has asserted that Zia used in conjunction with Zoho Voice, Zoho Meeting, and Zoho Cliq products infringe the '339 patent.

43. Zoho does not infringe, directly or indirectly, the '339 patent.

44. An actual controversy exists between Zoho and Orion Labs concerning non-infringement of the '339 patent.

45. Accordingly, Zoho seeks a declaration that the claims of the '339 patent are not infringed.

**SECOND CAUSE OF ACTION:**
**Declaratory Judgment of Noninfringement of the '636 Patent**

46. Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

47. Orion Labs claims to own all right, title and interest in the '636 patent, including rights to enforce the '636 patent and recover for its infringement.

48. Orion Labs has asserted that Zia used in conjunction with Zoho Voice, Zoho Meeting, and Zoho Cliq products infringe the '636 patent.

49. Zoho does not infringe, directly or indirectly, the '636 patent.

50. An actual controversy exists between Zoho and Orion Labs concerning non-infringement of the '636 patent.

51. Accordingly, Zoho seeks a declaration that the claims of the '636 patent are not infringed.

### THIRD CAUSE OF ACTION:
### Declaratory Judgment of Noninfringement of the '733 Patent

52. Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

53. Orion Labs claims to own all right, title and interest in the '733 patent, including rights to enforce the '733 patent and recover for its infringement.

54. Orion Labs has asserted that Zia used in conjunction with Zoho Voice, Zoho Meeting, and Zoho Cliq products infringe the '733 patent.

55. Zoho does not infringe, directly or indirectly, the '733 patent.

56. An actual controversy exists between Zoho and Orion Labs concerning non-infringement of the '733 patent.

57. Accordingly, Zoho seeks a declaration that the claims of the '733 patent are not infringed.

### FOURTH CAUSE OF ACTION:
### Declaratory Judgment of Noninfringement of the '430 Patent

58. Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

59. Orion Labs claims to own all right, title and interest in the '430 patent, including rights to enforce the '430 patent and recover for its infringement.

60. Orion Labs has asserted that Zia used in conjunction with Zoho Voice infringes the '430 patent.

61. Zoho does not infringe, directly or indirectly, the '430 patent.

62. An actual controversy exists between Zoho and Orion Labs concerning non-infringement of the '430 patent.

63. Accordingly, Zoho seeks a declaration that the claims of the '430 patent are not infringed.

### FIFTH CAUSE OF ACTION:
### Declaratory Judgment of Noninfringement of the '003 Patent

64. Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

65. Orion Labs claims to own all right, title and interest in the '003 patent, including rights to enforce the '003 patent and recover for its infringement.

66. Orion Labs has asserted that Zia used in conjunction with Zoho Voice infringes the '003 patent.

67. Zoho does not infringe, directly or indirectly, the '003 patent.

68. An actual controversy exists between Zoho and Orion Labs concerning non-infringement of the '003 patent.

69. Accordingly, Zoho seeks a declaration that the claims of the '003 patent are not infringed.

### VII. DEMAND FOR JURY TRIAL

70. Pursuant to Federal Rule of Civil Procedure 38 and Civil L.R. 3-6, Zoho hereby demands a trial of jury of all issues so triable that are raised herein or which hereinafter may be raised.

### VIII. PRAYER FOR RELIEF

Wherefore, Zoho requests that the Court enter judgment in its favor and against Orion Labs as follows:

A. Declaring that Zoho has not infringed, directly or indirectly, literally or by equivalents, any claim of the patents-in-suit;

B. Declaring that judgment be entered in favor of Zoho and against Orion Labs;

C. Enjoining Orion Labs, its agents, and all persons acting in concert or participation with it, from alleging, representing, claiming, or otherwise stating that Zoho infringes the patents-in-suit;

First Amended Complaint for Declaratory Judgment     8     Case No. 3:25-cv-8727

D. Awarding Zoho its costs and attorneys' fees in connection with this action;

E. For leave to amend this Complaint as necessary; and

F. For such other and further relief as the Court may deem just and proper.

Dated: October 28, 2025

Respectfully submitted,

MARTON RIBERA SCHUMANN & CHANG LLP

By: */s/ Ryan J. Marton*
　　　Ryan J. Marton

Attorneys for Plaintiffs ZOHO CORPORATION PVT. LTD., ZOHO CORPORATION, and ZOHO TECHNOLOGIES CORPORATION